IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA MERI, on behalf of
TAAVI MERI, deceased,

    Plaintiff,

v.                                     Case No: _____

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.

_____/

## COMPLAINT

The Plaintiff, DEBRA MERI, on behalf of TAAVI MERI, deceased, (hereafter referred to as "MERI"), sues the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, (hereafter referred to as "PRUDENTIAL") and states:

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA) 29 U.S.C. §1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3. PRUDENTIAL is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in Florida.

4. MERI is and/or was a participant in each of the plans, funds, programs, or arrangements described herein.

5. MERI is and/or was a former employee of Bayfront Health Systems, Inc.

6.  At all relevant times, MERI was a participant in an Employee Welfare Benefit Plan, Group Policy No. G-47047, called "Employee Term Life, Accidental Death and Dismemberment and Dependents Term Life Coverage for all full-time, active Employees", sponsored by Bayfront Health Systems, Inc. (hereafter referred to as "the Plan"). A copy of the Plan's Summary Plan Description and/or Plan Document is attached hereto and incorporated herein by reference as Exhibit "A."

7.  On or about October 15, 2011, DEBRA MERI and TAAVI MERI met with the employer/Plan Sponsor/Plan Administrator, Bayfront Health Systems, Inc., to increase TAAVI MERI's life insurance benefits. TAAVI MERI's life insurance benefits were increased and employer/Plan Sponsor/Plan Administrator, Bayfront Health Systems, Inc., began to collect increased premiums from employee, TAAVI MERI.

8.  The plan is insured by PRUDENTIAL.

9.  PRUDENTIAL is the administrator and/or is the fiduciary charged with making benefit determinations under the Plan, including the determinations made on Plaintiff's claim.

10. As the insurer of the Plan, PRUDENTIAL pays claims from its own general assets and operates under a conflict of interest.

11. MERI made a claim for the supplemental life insurance benefits under the Plan on or about January 19, 2012. A copy of the Group Insurance Contract Holder Statement is attached hereto and incorporated herein by reference as Exhibit "B"

12. PRUDENTIAL has failed and refused to pay the supplemental life insurance benefits since the filing of her claim on or about January 19, 2012.

13. PRUDENTIAL has refused to pay supplemental life insurance benefits sought by MERI and as grounds for such refusal has alleged that Plaintiff does not meet the terms stated in

the Plan to receive benefits in a denial letter dated March 27, 2012. A copy of Prudential's denial letter dated March 27, 2012 is attached hereto and incorporated herein by reference as Exhibit "C".

14. With respect to all claims made herein, MERI has exhausted pre-suit remedies by appealing the denial of TAAVI MERI'S benefits in a letter dated September 21, 2012.

15. PRUDENTIAL has failed to timely respond to MERI's appeal letter dated September 21, 2012 pursuant to PRUDENTIAL'S letter dated September 26, 2012 stating that "A decision on your appeal will be made not later than 45 days from the date of receipt of your written request for review of the initial claim denial". No further appeal extensions were requested by PRUDENTIAL.

16. On November 13, 2012, counsel for Plaintiff sent another letter to PRUDENTIAL advising that the 45 day period to make a decision on the appeal has expired and no additional extension had been requested and no further communication has been received.

17. Even if PRUDENTIAL'S response was timely, PRUDENTIAL continues to refuse to pay benefits and the Plan does not require a second appeal.

18. MERI is entitled to certain benefits under the Plan consisting of supplemental life insurance death benefits due to TAAVI MERI'S death as a result of cancer which occurred on January 1, 2012, at a gross rate of $54,000.00, a liquidated sum.

19. MERI is entitled to the benefits stated herein because:

    (a) The benefits are permitted under the Plan.

    (b) The Plaintiff has satisfied all conditions to be eligible to receive the benefits, including but not limited to, exhausting all administrative remedies.

    (c) Plaintiff has not waived or relinquished entitlement to the benefit.

20. Pursuant to ERISA §502(g), 29 U.S.C. §1132(g), MERI is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned counsel to represent her in this matter and has agreed to a reasonable attorney fee as compensation to her for their services.

WHEREFORE, Plaintiff, DEBRA MERI, on behalf of TAAVI MERI, deceased, asks this Court to enter judgment against Defendant, PRUDENTIAL, finding that:

(a) The Plaintiff is entitled to the supplemental life insurance benefits in the amount of $54,000.00; and

(b) Awarding of the supplemental insurance benefits not paid to the Plaintiff in the amount of $54,000.00, together with pre-judgment interest at the legal rate from the date it became due until the date it is paid; and

(c) Award of reasonable attorney fees and costs incurred in this action; and

(d) For such other and further relief as this Court deems just and proper.

Dated this 27 day of **December, 2012.**

TUCKER & LUDIN, P.A.

WILLIAM C. DEMAS, ESQUIRE
Florida Bar #0142920
JOHN V. TUCKER, ESQUIRE
Florida Bar #899917
13577 Feather Sound Drive, Ste 300
Clearwater, FL 33762
Tel: (727) 572-5000
Fax: (727) 571-1415
demas@tuckerludin.com
Counsel for Plaintiff